IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv78-02
(Criminal Case No. 1:07cr19)

| | | |
|---|---|---|
| TOMAS ALEGRIA FACUNDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, filed April 12, 2010. [Doc. 1].

According to the record of the underlying criminal case, on February 27, 2007, an Indictment was filed charging Petitioner with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). [Case 1:07cr19, Doc. 1]. On May 4, 2007, Petitioner filed a Plea Agreement by which he agreed to plead guilty to both charges from the Indictment, and he stipulated to involvement with a specific amount of actual methamphetamine. [Id., Doc. 14]. On July 9, 2007, Petitioner appeared before the Court and tendered his guilty pleas, and the Court accepted the pleas. [Id., Doc. 18].

On January 30, 2008, the Court held a Factual Basis and Sentencing Hearing during which it sentenced Petitioner to terms of 120 months' imprisonment on Count One and to 60 months' imprisonment, consecutive, on Count Two. The Court's Judgment was filed on February 8, 2008. [Id., Doc. 22]. No direct appeal was filed in Petitioner's criminal case.

Rather, after the passage of more than 26 months, on April 12, 2010, Petitioner filed the instant Motion to Vacate seeking to argue that his guilty plea was involuntarily and unintelligently entered and that his attorney was ineffective for failing to file a direct appeal as Petitioner reportedly requested. It appears to the Court, however, that the instant Motion to Vacate may be subject to summary dismissal.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, the record is clear that Petitioner's conviction and sentence became final on or about February 22, 2008, that is, at the expiration of the 10-day period during which he could have given his notice of direct appeal. See Fed.R.App.P. 4(b)(1)(A)(I) and (6) (providing 10-day period for giving notice of direct appeal after written judgment of conviction is entered on criminal docket) and Fed.R.Crim.P. 45(a) (providing that intermediate Saturdays, Sundays and legal holidays are excluded from computation when period is less than 11 days). Critically, based upon the AEDPA, Petitioner had up to and including February 22, 2009, by which to file the instant motion to vacate. Suffice it to say, however, Petitioner did not file

this Motion by that date. Consequently, it appears to the Court that the instant Motion to Vacate is time-barred.

Nevertheless, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Id. at 706. Although there yet is no published case in this Circuit which extends Hill to cases brought under § 2255, the Court is aware of several unpublished cases in this Circuit which tend to suggest that such practice should be used, particularly when the petitioner does not attempt to address the question of timeliness in his motion.

Accordingly, this Court now shall give Petitioner fifteen (15) days in which to file a document, explaining why his motion to vacate should be deemed timely filed. In particular, Petitioner should advise the Court of those matters which he believes could affect a determination of the timeliness of his Motion.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that:**

1. Within fifteen (15) days of the date of this Order, Petitioner shall file a document, explaining why he believes his motion to vacate under 28 U.S.C. §2255 should be deemed timely filed; and

2. The Clerk shall send a copy of this Order to Petitioner, return receipt requested.

**IT IS SO ORDERED.**

Signed: April 29, 2010

Martin Reidinger
United States District Judge